# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
    Plaintiff, )
)
    v. )
)   Cr. ID. Nos. 1707006525 and
NATHANIEL MARSH, )           1707006527
)
    Defendant. )

Submitted: June 9, 2022
Decided: September 20, 2022

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## **ORDER**

This 20th day of September 2022, the Court has considered the

Commissioner's Report and Recommendation, Defendant's Motion for

Postconviction Relief, and the relevant proceedings below.

On March 24, 2020, Defendant Nathaniel Marsh ("Defendant") filed a *pro*

*se* motion for postconviction relief, a supporting memorandum of law, and a

motion for appointment of counsel. A Superior Court Commissioner granted

Defendant's motion for appointment of counsel on September 3, 2020. On

1

October 1, 2021, Defendant—with the assistance of counsel—filed a supplemental/amended motion for postconviction relief raising one claim of ineffective assistance of counsel. The State filed its response to Defendant's supplemental/amended motion on March 11, 2022.

The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on May 12, 2022. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied. "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] Neither party has filed an objection to the Commissioner's Report and Recommendation.

Defendant raised one claim in his motion: that his trial counsel's ("Trial Counsel") failure to object to the State's repetition of Defendant's prior felony convictions during Defendant's cross examination amounted to ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, Defendant must meet the two-pronged *Strickland* test by showing: (1) that counsel performed at a level "below an objective standard of reasonableness;" and (2) that the deficient

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).

performance prejudiced Defendant.[2] The first prong requires Defendant to show, by a preponderance of the evidence, that counsel was not reasonably competent.[3] The second prong requires Defendant to show that there is a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceedings would have been different.[4]

Mere allegations of ineffectiveness will not suffice. Defendant must make and substantiate concrete allegations of actual prejudice.[5] Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance.[6] There is a strong presumption that counsel's conduct constituted sound trial strategy.[7]

Counsel's decision whether to call a witness and how to examine and/or cross-examine a witness is a tactical decision.[8] This Court gives great weight and deference to tactical decisions made by counsel. "There is a 'strong presumption'

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).
[3] *Id.* at 687.
[4] *Id.* at 694.
[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[6] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Salih v. State*, 2008 WL 4762323, at *1 (Del.).
[7] *Harrington v. Richter*, 562 U.S. 86, 104, 109 (2011); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).
[8] *Outten v. State*, 720 A.2d 547, 557 (Del. 1998).

that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'"[9]

Defendant failed to satisfy the first prong of the *Strickland* test because he did not establish that Trial Counsel was deficient in any respect. Trial Counsel stated in his Affidavit that he made a tactical decision when he elected not to object to the State's repetition of Defendant's prior felony convictions. Trial Counsel explained that he did not object because he did not want to draw more attention to Defendant's felony convictions.[10] Defendant has not met his burden to overcome the strong presumption that Trial Counsel's conduct was reasonable and constituted sound trial strategy.

Defendant also did not satisfy the second prong of *Strickland* because he failed to demonstrate that he was prejudiced as a result of Trial Counsel's decision not to object. The second prong would only be satisfied if Defendant established a reasonable probability that the outcome of his trial would have been different had Trial Counsel objected to the State's repetition of Defendant's prior felony convictions.[11] Here, it is unlikely the objection would have changed the trial's

---

[9] *Harrington v. Richter*, 562 U.S. 86, 109 (2011) (citing *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (per curiam)).

[10] Trial Counsel Aff. at 2.

[11] *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (explaining that the second prong requires a defendant to show that there is a reasonable probability that, but for Counsel's ineffectiveness, the outcome of the proceedings would have been different).

outcome because of the additional compelling evidence that supported the jury's findings.

Because Defendant was not able to establish either prong of the *Strickland* test, Defendant's claim for ineffective assistance of counsel is without merit.

The Court finds that the Commissioner's Report and Recommendation, dated May 12, 2022, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[12]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston

---

[12] Super. Ct. Crim. R. 62(a)(4)(iv).